Filed 1/9/26  P. v. Torres CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086328 |
| v. | (Super.Ct.No. RIF113908) |
| JAIME MENDOZA TORRES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Dismissed.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In June 2004, the People filed an information alleging that Jaime Mendoza Torres committed one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); unlabeled statutory citations refer to this code) and one count of making a criminal threat

1

(§ 422). The People also alleged that he had served three prior prison terms (§ 667.5, subd. (b)), been convicted of three prior serious felonies (§ 667, subd. (a)), and been convicted of three prior strikes (§§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2)).

In January 2005, a jury convicted Torres of assault with a deadly weapon but found him not guilty of making a criminal threat. (§ 245, subd. (a)(1); *People v. Torres* (Feb. 24, 2006, E037640) [nonpub. opn.] (*Torres*).) The trial court subsequently found that Torres had served three prior prison terms, had two prior serious felony convictions, and had two prior strike convictions. (*Torres*, E037640.) The court found the third prior conviction allegation true but reserved ruling on whether the conviction was a serious felony and a strike. (*Id*., fn. 2.) But the court then sentenced Torres to 40 years to life in state prison, consisting of 25 years to life pursuant to the three strikes law plus five years for each three prior serious felonies. The court struck the prior prison term enhancements.

On direct appeal, this court reversed the trial court's true finding on the third prior conviction allegation because there was insufficient evidence to support it. (*Torres*, *supra*, E037640.) On remand, the trial court resentenced Torres to 35 years to life in state prison, consisting of 25 years to life plus five years each for the two remaining prior serious felony enhancements.

In May 2025, Torres filed a petition for resentencing under section 1172.1. The trial court denied the petition at an ex parte proceeding, noting in the minute order that it was an "improper format 1172.1(c) PC."

Torres appealed, and we appointed counsel to represent him. Counsel filed a brief raising no issues and asking us to exercise our discretion to review the record under *People v. Delgadillo* (2022) 14 Cal.5th 216, 232. We notified Torres and gave him the opportunity to file a supplemental brief, and he has done so.

Torres argues that the order denying his petition for resentencing under section 1172.1 is appealable because he "had a [r]ight to [r]equest [r]ecall" under subdivision (a)(1) of section 1172.1 and "had a 'substantial right' under [the Fourteenth] Amend[ment]." We disagree.

Section 1172.1 authorizes resentencing only on recommendation of various governmental officials or sua sponte by the court; it expressly provides that "[a] defendant is not entitled to file a petition seeking relief from the court under this section." (§ 1172.1, subd. (c).) Because Torres's petition was an unauthorized request to modify a final judgment, the trial court lacked jurisdiction to grant it, so the denial did not affect Torres's substantial rights and therefore is not appealable. (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 692-696.) Because we lack appellate jurisdiction, we need not address Torres's arguments concerning the merits of the appeal. We decline the opening brief's request that we treat the appeal as a petition for writ of mandate.

3

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

McKINSTER

Acting P. J.

CODRINGTON

J.